**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

SCHMIDT PRINTING, INC.,

Plaintiff,

v.

IMPACT PUBLISHING INC.,

Defendant.

Civil No. 02-48 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER**

---

Craig P. Miller, GRAY PLANT MOOTY MOOTY & BENNETT, 3400 City Center, 33 South Sixth Street, Minneapolis, MN 55402, for plaintiff.

Harvey H. Eckart, REINHARDT & ANDERSON, East 1000 First Bank Building, 332 Minnesota Street, St. Paul, Minnesota, 55101, for defendant.

Plaintiff Schmidt Printing, Inc. brings this action against defendant Impact Publishing Inc. for breach of contract, unjust enrichment and promissory estoppel. This matter is before the Court on the motion of defendant to transfer this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff, a Minnesota corporation, is in the business of producing, printing and mailing card packs and a variety of other direct mail pieces that are used in the direct

FILED JUN 0 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____________
DEPUTY CLERK ____________

marketing and advertising industry. Defendant is a Georgia corporation that is in the business of selling direct mail advertisements or inserts to various advertisers throughout the United States and Canada. Defendant uses companies such as plaintiff to manufacture, produce and mail card packs that defendant sells to its customers.

According to the affidavit testimony of Keith Davis, Vice-President of Schmidt Printing, defendant contacted plaintiff in Minnesota and requested a price quote on a printing job. After submitting a price quote, plaintiff was awarded defendant's business. Thereafter, plaintiff provided defendant with its printing services from February 1993 through August 2001. During this time period, representatives from both companies visited each other's facility in an effort to maintain the business relationship.

Plaintiff commenced this action in January 2002 in the United States District Court of Minnesota for breach of contract (Count I), unjust enrichment (Count II) and promissory estoppel (Count III). According to the complaint, plaintiff alleges that defendant has failed to pay $177,205.32 of printing services rendered by plaintiff to defendant between January 2001 and August 2001. Defendant has counterclaimed alleging that plaintiff failed to properly and timely print and mail various printing projects. Defendant claims damages in an amount in excess of $40,000 plus interest and similarly brings claims of breach of contract, unjust enrichment and promissory estoppel. Defendant now moves to transfer venue to the Northern District of Georgia, claiming that it cannot afford to defend litigation in Minnesota and that the balance of factors weigh in favor of transfer.

## ANALYSIS

A motion to transfer venue from one federal district court to another is governed by 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As a general rule, "transfer under §1404(a) 'should not be freely granted.'" *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quoting *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982)). "The party seeking transfer bears the burden of proof to show that the balance of factors 'strongly' favors the movant." *Id.* (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Durabla Mfg. Co. v. Continental Casualty Co.*, No. 98-1596, 1998 WL 957250 at *3 (D. Minn. Oct. 26, 1998) (explaining that the moving party bears a heavy burden of proving that the balance of factors strongly favors transfer). If the factors are evenly balanced or weigh only slightly in favor of transfer, the transfer motion should be denied. *Graff*, 33 F. Supp. 2d at 1121. In addition to considering the convenience of the parties and witnesses and the interests of justice, "the court must conduct a case-by-case evaluation of the particular circumstances involved." *Id.* (citing *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)).

Upon consideration of the relevant factors and the particularized facts of the case, the Court concludes that defendant has not sustained its burden to warrant a transfer of this case. Although defendant claims it is experiencing financial difficulties and

therefore would be inconvenienced by having to defend this case in Minnesota, defendant has not offered any affidavit testimony or similar evidence to support its alleged poor financial condition. Moreover, according to the affidavit testimony of Mr. Davis, plaintiff has also experienced a decline in its business as a result of the slowdown in the economy and the advertising business. Davis Aff. ¶ 11. Accordingly, a transfer would, at most, simply shift the inconvenience from one party to the other—an insufficient basis upon which to grant a transfer motion. *Terra Int'l*, 119 F.3d at 696-97; *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1401 (D. Minn. 1991) ("a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer").

Consideration of the convenience of the witnesses also does not weigh in the defendant's favor. Plaintiff has identified ten of its employees and representatives who are likely to have information and testimony relevant to this lawsuit. Plaintiff has also identified two former employees, Jessica (Hoffman) Franck and Geogg Dalen, who, as former account managers of the Impact Publishing account, are likely to have information relevant to this dispute. As current residents of Minnesota, these witnesses would be outside the subpoena power of the court if this case were transferred to Georgia.

Finally, other relevant factors, including the interests of justice, do not weigh in favor of transfer. Although defendant emphasizes that some activity related to the parties' business relationship occurred in Georgia, it appears from the affidavit testimony submitted by plaintiff that an equal, if not greater, amount of the events occurred in Minnesota. Furthermore, the conditions of sale listed on the back of the various quote sheets sent to defendant suggests that Minnesota law will provide the decisional law for

this controversy. Sheppard Aff. ¶ 2; Exh. A ¶ 17 (providing that "[t]his agreement shall be governed by the laws of the State of Minnesota"). This factor weighs in favor of keeping the case venued in Minnesota.

Thus, for all the foregoing reasons, the Court does not find that the balance of factors strongly weigh in favor of disturbing the plaintiff's choice of forum. Accordingly, defendant's motion to transfer is denied.

**ORDER**

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to change venue to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) [Docket No. 4] is **DENIED**.

DATED: June 5, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

## Featured Speakers Include:

<u>District of Minnesota</u>

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

<u>United States Bankruptcy Court</u>
<u>District of Minnesota</u>

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
**PAID**
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)*****; Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

☐ Member $195.00
☐ Non-Member $225.00

Name ____________________
Firm/Employer ____________________
Address ____________________
____________________
Phone ____________________
E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building